cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SYNTHES (U.S.A.), a Pennsylvania partnership, | ) ) ) | Civil No.07cv0309 L (AJB) |
| Plaintiff, | ) | Order Granting In Part and Denying In Part |
| v. | ) ) | the Motion to Compel Jurisdictional Discovery ; Granting In Part and Denying In |
| G.M. DOS REIS JR. IND. COM. DE EQUIP. MEDICO A/K/A GMREIS, a Brazilian corporation, | ) ) ) | Part the Motion for Protective Order and Denying the Motion to Stay Discovery [Doc. No. 16] |
| Defendants. | | |

Plaintiff Synthes (U.S.A.) (hereinafter "Synthes"), moves to compel production of jurisdictional discovery from Defendant, G.M. Dos Reis Jr. Ind. Com. De Equip. Medico a/k/a GMReis (hereinafter "GMReis"). GMReis filed an opposition and Synthes has filed a replied.  The matter was set for hearing on June 5, 2007, at 3:30 p.m. before Judge Battaglia, however, on June 4, 2007, the Court issued an Order vacating this hearing date and permitting additional briefing by Defendants.  Defendants subsequently filed a surreply.  This motion is appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1).  For the reasons set forth herein, Synthes' Motion to Compel is hereby GRANTED IN PART and DENIED IN PART, GMReis' Motion for Protective Order is GRANTED IN PART and DENIED IN PART, and GMReis' Motion to Stay Discovery is DENIED.

///

///

1

07cv309

1

### *Background*

2      Synthes is a global medical devices company that develops, produces and markets instruments

3   and implants for the surgical fixation, correction and regeneration of the human skeleton.  Synthes has a

4   number of United States Patents directed to its bone plate technology, including the patent-in-suit, U.S.

5   Patent No. 7,128,744.

6      GMReis is a Brazilian corporation that manufactures and sells orthopedic devices, including

7   bone plates.  Plaintiff contends that many of GMReis' products, including the bone plates, are essen-

8   tially copies of Synthes products.

9      Both Synthes and GMReis are frequently exhibitors at various professional society meetings

10  attended by orthopedic surgeons and other industry professionals held throughout the United States.

11  These meetings or trade shows, provide opportunities for medical device companies to display and

12  promote their products, and to interact with orthopedic surgeons and other professionals who use these

13  products.  One of the largest trade shows in the field of orthopedics is the American Academy of

14  Orthopedic Surgeons, which was most recently held on February 14-18, 2007 at the Convention Center

15  in San Diego, California.

16      GMReis set up a booth at this trade show displaying a variety of products.  Plaintiff contends

17  that at least one bone plate that GMReis displayed at the San Diego trade show infringed Synthes' U.S.

18  Patent No. 7,128,744, which issued on October 31, 2006.  Synthes filed the instant case for patent

19  infringement on February 14, 2007 and caused the complaint to be served on the GMReis agent that

20  appeared to be in charge of the booth at the San Diego trade show.  Synthes later served the chief

21  executive officer of GMReis, Mr. Geraldo Marins dos Reis Jr., who also attended the San Diego trade

22  show.

23      On April 6, 2007 GMReis filed a Motion to Dismiss Synthes' complaint for lack of personal

24  jurisdiction under Rule 12(b)(2).[1]  GMReis contends that it is not subject to general personal jurisdiction

25  in California because it does not have "systematic and continuous" contacts with California.  GMReis

26  also argues that it is not subject to specific jurisdiction because GMReis has not committed patent

27

28

_____

[1] This motion is set for hearing before Judge Lorenz on August 29, 2007.

07cv309

1    infringement and the Southern District of California is an inconvenient forum having no interest in the

2    present dispute.

3            In support of its motion to dismiss, GMReis filed two declarations of officers/employees: Mr.

4    Reis, the Chief Operating Officer of GMReis and Mr. Lecumberri, an employee whose title is unknown.

5    The declarations do not contest contact with this forum, rather they attempt to establish that GMReis'

6    contacts with the forum are insufficient to establish personal jurisdiction, placing the quantity and nature

7    of the admitted contacts with the forum at issue.

8            Plaintiff subsequently filed the instant motion to compel, seeking: 1) production of documents by

9    GMReis responsive to the document requests served on April 20, 2007;[2] 2) a Rule 30(b)(6) deposition of

10   GMReis directed to the topics listed in the deposition notice served on April 20, 2007; 3) a deposition of

11   declarant Geraldo Marins dos Reis Jr.; and 4) a deposition of declarant Jose Luiz Landa Lecumberri.

12           Defendants have filed an opposition requesting the Court deny Plaintiff's motion to compel and

13   grant Defendants' motion for a protective order staying all discovery pending resolution of Defendants'

14   motion to dismiss.  Alternatively, Defendants' argue that should the Court permit jurisdictional

15   discovery, the Court should grant Defendants motion for protective order and require Plaintiff to comply

16   with Brazilian law to obtain discovery for Defendants.[3]  Defendants also request that if the Court

17   permits discovery prior to ruling on Defendants' motion to dismiss, that the Court grant Defendants

18   motion for a protective order limiting discovery to the issue of jurisdiction.  Defendants contend that

19   many of Plaintiff's document requests reach far beyond matters relevant to the Court's jurisdictional

20   determination in this case.

21                                              ***Discussion***

22   *I. Jurisdictional Discovery*

23           In evaluating Synthes' motion to compel jurisdictional discovery and GMReis' motion for

24   protective order to stay or limit discovery, the Court must first determine whether the requested

25   jurisdictional discovery should proceed while a dispositive motion is pending.  A party seeking

26   _____

27       [2] *See* Synthes Mot. To Compel, Exh. A, "Synthes' Preliminary Set of Requests for Documents
     and Things to Defendant (Nos. 1-19)".

28       [3] Plaintiff has served the Defendants with document requests and three deposition notices, which
     Defendants' contend are illegal under Brazilian law.

1  jurisdictional discovery must demonstrate that such discovery will yield additional relevant facts that

2  will supplement its jurisdictional allegations and/or bolster its contentions. *Trintec Industries, Inc. v.*

3  *Pedre Promotional Products, Inc*., 395 F.3d 1275, 1283 (Fed. Cir. 2005).  In a patent infringement case,

4  Federal Circuit law, rather than the law of the regional circuit, applies to the question of the relevance of

5  a request for jurisdictional discovery. *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics*

6  *Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005).

7  　　　　*A. Jurisdictional Discovery While a Dispositive Motion Is Pending*

8  　　　　Courts are afforded considerable discretion in deciding whether parties may conduct discovery

9  relating to jurisdictional issues while a motion to dismiss is pending. "It is clear that the question of

10  whether to allow discovery is generally within the discretion of the trial judge. However, where

11  pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed."

12  *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir.1989) (citations omitted).

13  *See also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir.1977) (finding that

14  "[d]iscovery . . . 'should be granted where pertinent facts bearing on the question of jurisdiction are

15  controverted . . . or where a more satisfactory showing of the facts is necessary.' ") *Id.* at 430 n. 24

16  (citing *Kilpatrick v. Texas & P. Ry.*, 72 F. Supp. 635, 638 (S.D.N.Y.1947)); *Data Disc*, 557 F.2d at 1285

17  n. 1 (same).

18  　　　　Nevertheless, it is not an abuse of judicial discretion to deny discovery before dismissing on

19  jurisdictional grounds "when it is clear that further discovery would not demonstrate facts sufficient to

20  constitute a basis for jurisdiction." *Wells Fargo*, 556 F.2d at 430 n. 24.

21  　　　　*1. Synthes' Motion to Compel*

22  　　　　Synthes seeks to compel GMReis to provide documents and testimony in response to Synthes'

23  preliminary Set of Requests for Documents and Things Nos. 1-19 and testimony in response to three

24  deposition notices.  Since there has been no discovery on the jurisdictional issue, Synthes is required

25  "only to make a prima facie showing" of jurisdiction to defeat the motion to dismiss. *Silent Drive, Inc. v.*

26  *Strong Industries, Inc.,* 326 F.3d 1194, 1201 (Fed. Cir. 2003) (*quoting Deprenyl Animal Health, Inc. v.*

27  *University of Toronto Innovations Foundation*, 297 F.3d 1343, 1347 (Fed. Cir. 2002)). In evaluating this

28  showing, the district court must construe all pleadings and affidavits in the light most favorable to the

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　07cv309

1    plaintiff. *Id.; see also Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1383 n. 1

2    (Fed.Cir.1998).

3                              *a. Prima Facie Showing of Jurisdiction*

4           Synthes contends that it has made the prima facie showing of jurisdiction in the complaint

5    detailing GMReis' activities at a San Diego trade show and throughout the United States, which Plaintiff

6    contends constitute at least two acts of infringement by GMReis, an offer for sale and the importation of

7    an infringing product in violation of 35 U.S.C. § 271(a).  Synthes argues that under the Federal Circuit's

8    three prong minimum contacts test for determining whether specific jurisdiction exists, the Court must

9    look at: 1) whether the defendant purposefully directed its activities at the residents of the forum; 2)

10   whether the claims arises out of or relates to those activities; and 3) whether assertion of personal

11   jurisdiction is reasonable and fair.  *3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1378

12   (Fed. Cir. 1998).

13          GMReis argues that its participation at the San Diego trade show did not constitute an act of

14   infringement under 35 U.S.C. § 271(a).  GMReis is correct that Courts have held that "the mere

15   demonstration or display of an accused product, even in an obviously commercial atmosphere" is not an

16   act of infringement within the ambit of § 271(a). *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1269,

17   1286 (N.D. Cal.1991), *aff'd*, 991 F.2d 808, 1100 (Fed. Cir.1993) (referring to the demonstration of an

18   accused product at a scientific trade show); *see Bradshaw v. Igloo Prods. Corp.*, 912 F. Supp. 1088,

19   1100 (N.D. Ill.1996) (stating that "in cases directly addressing the question of whether promotional

20   activity involving an infringing device, but not culminating in the sale of the infringing device,

21   constitutes a violative 'use' under [ ] § 271(a), courts have generally held to the contrary.");

22   *Knapp-Monarch Co. v. Casco Prods.*, 342 F.2d 622, 626 (7th Cir.), *cert. denied*, 382 U.S. 828 (1965);

23   *Brennan v. Mr. Hanger, Inc.*, 479 F. Supp. 1215 (S.D.N.Y.1979).

24          However, when defining "acts of infringement" in the context of deciding whether venue was

25   proper, Courts have found that trade show demonstrations can constitute acts of infringement under §

26   271(a). *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1269, 1286 (N.D. Cal.1991). Cases which apply

27   the less strict standard for "acts of infringement" applicable to venue disputes have generally required

28   not only demonstration of the accused device, but also some other activity culminating in a sale of that

1   device as a prerequisite to formally resolving the venue issue. *Id.* at 1286. As such, even under the less

2   strict test of infringement applied to venue disputes, demonstration of an accused device, even in an

3   obviously commercial atmosphere, does not necessarily constitute an infringing use under § 271(a)

4   unless the "totality of the circumstances" also reveal concurrent "sales oriented" activity which results

5   in, or at least substantially advances, an actual sale of the accused device. *Id.*

6       Defendants admit numerous contacts with this forum, but contend they are insufficient to

7   establish personal jurisdiction over Defendants. However, there is a fundamental difference between a

8   declaration or affidavit that attests to a defendant's lack of contacts with the forum state and one that

9   admits contacts, but concludes they do not matter. As stated above, "[d]iscovery . . . should be granted

10  where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more

11  satisfactory showing of the facts is necessary." *Wells Fargo*, 556 F.2d at 430 n. 24 (citing *Kilpatrick v.*

12  *Texas & P. Ry.*, 72 F. Supp. 635, 638 (S.D.N.Y. 1947)). Plaintiff should not be bound solely by the

13  contents of the two declarations submitted by Defendants or by Defendant's conclusions that the

14  contacts disclosed therein are insufficient to establish personal jurisdiction.

15      Furthermore, the discovery propounded by Plaintiff may uncover additional information bearing

16  on the jurisdictional inquiry which, perhaps, neither the declarant nor Defendant thought to include in

17  the declarations. Plaintiff should be allowed explore the quality, quantity and nature of all of Defen-

18  dant's contacts with this forum and draw its own conclusions and proffer its own arguments as to

19  whether Defendant should be subject to personal jurisdiction in this Court.  As such, the Court finds that

20  Synthes is entitled to jurisdictional discovery, because the record is inadequate and Synthes has

21  demonstrated that the additional discovery sought would yield additional relevant facts that will

22  supplement its jurisdictional allegations and/or bolster its contentions. *Trintec Industries, Inc. v. Pedre*

23  *Promotional Products, Inc*., 395 F.3d 1275, 1283 (Fed. Cir. 2005); *GTE New Media Services Inc. v.*

24  *BellSouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000); *see Crane v. Carr*, 814 F.2d 758, 760 (D.C.

25  Cir. 1987).

26                      ***b. Minimum Contacts Analysis Under Due Process***
                         ***Clause of the Fifth Amendment***

27      Additionally, Synthes argues that in federal question cases involving a foreign defendant, the

28  minimum contacts analysis with the United State as a whole may be analyzed under the due process

07cv309

1   clause of the Fifth Amendment pursuant to Fed. R. Civ. P. Rule 4(k)(2),[4] the so-called federal long-arm

2   statute. *United States v. Swiss American Bank, Ltd.*, 191 F.3d 30, 36-38 (1st Cir. 1999)( stating that

3   jurisdiction over a foreign defendant is proper under Rule 4(k)(2) if: 1) the plaintiff's claim arises under

4   federal law; 2) the defendant is beyond the jurisdictional reach of any state court of general jurisdiction;

5   and 3) the federal court's exercise of personal jurisdiction over the defendant does not offend the

6   Constitution or other federal law.).

7       GMReis contends that Rule 4(k)(2) is exceedingly difficult to satisfy and points out that the

8   Ninth Circuit Court of Appeals stated that in the fourteen years since the rule was enacted, none of the

9   Ninth Circuit cases has countenanced jurisdiction under the rule. *Holland America Line Inc. v. Wartsila*

10  *North America, Inc.*, 485 F.3d 450 (9th Cir. 2007). However, a court may exercise jurisdiction under

11  Rule 4(k)(2) when three requirements are met. First, the claim against the defendant must arise under

12  federal law, a point undisputed in this case because Synthes asserts patent infringement claims under 35

13  U.S.C. § 271(a). *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006); *see also World*

14  *Tanker Carriers Corp. v. MV Ya Mawlaya*, 99 F.3d 717, 723 (5th Cir. 1996). Second, the defendant

15  must not be subject to the personal jurisdiction of any state court of general jurisdiction and third, the

16  federal court's exercise of personal jurisdiction must comport with due process. *Pebble Beach Co.*, 453

17  F.3d at 1159.

18      With respect to the second requirement, GMReis has alleged that it is not subject to the courts of

19  general jurisdiction in any state. Ordinarily, the plaintiff bears the burden of proving personal

20  jurisdiction over the defendant. However, proving the lack of personal jurisdiction in every state could

21  be quite onerous, and it is the defendant, not the plaintiff, that likely possesses most of the information

22  necessary to do so. *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 40-41 (1st Cir.1999). Accord-

23  ingly, the Ninth Circuit has joined the Fifth, Seventh, and D.C. Circuits in holding that:

24          [a] defendant who wants to preclude use of Rule 4(k)(2) has only to name
            some other state in which the suit could proceed. Naming a more appropri-

25

26      [4] Rule 4(k)(2) provides:
            If the exercise of jurisdiction is consistent with the Constitution and laws of the United

27          States, serving a summons or filing a waiver of service is also effective, with respect to
            claims arising under federal law, to establish personal jurisdiction over the person of any

28          defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any
            state.

1      ate state would amount to a consent to personal jurisdiction there. . . . If,
however, the defendant contends that he cannot be sued in the forum state

2      and refuses to identify any other where suit is possible, then the federal
court is entitled to use Rule 4(k)(2). This procedure makes it unnecessary

3      to traipse through the 50 states, asking whether each could entertain the
suit. *See ISI Int'l, Inc., v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552

4      (7th Cir.2001) (citations omitted); *see also Adams v. Unione Mediterranea
Di Sicurta*, 364 F.3d 646, 651(5th Cir.2004) ("We agree with the Seventh

5      Circuit, that a piecemeal analysis of the existence vel non of jurisdiction in
all fifty states is not necessary. Rather, so long as a defendant does not

6      concede to jurisdiction in another state, a court may use 4(k)(2) to confer
jurisdiction."); *Mwani v. bin Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005)

7      (adopting the Seventh Circuit's approach).

8    Thus, absent any statement from GMReis that it is subject to the courts of general jurisdiction in another

9    state, the second requirement of Rule 4(k)(2) is met.

10       The third requirement, that the exercise of personal jurisdiction comport with due process,

11    requires the court to consider contacts with the nation as a whole.[5]  Synthes alleges numerous and

12    independent acts of infringement by GMReis' attendance and participation at various trade shows

13    throughout the United States. *See* Synthes Reply at 3-4.  GMReis has not denied attendance or

14    participation at these trade shows,[6] but rather has stated that GMReis' previous attendance was

15    insufficient to warrant jurisdictional discovery, because GMReis' attended the trade shows before the

16    patent-in-suit was issued and the act of displaying an accused product at a trade show does not constitute

17    patent infringement.

18       However, as set forth above, GMReis has admitted contacts with this forum, as well as others

19    within the United States, but contends that they are insufficient to establish jurisdiction.  Plaintiff should

20    not be bound by the facts or conclusions submitted by Defendants regarding their contacts with this

21    forum.  Rather Synthes should be permitted to draw its own conclusions and proffer its own arguments

22    as to whether Defendants should be subject to personal jurisdiction in this Court.  As such, the Court

23    finds that Synthes is entitled to jurisdictional discovery, because the record is inadequate and Synthes

24    has demonstrated that the additional discovery sought would yield additional relevant facts that will

25

26       [5] *Pebble Beach Co.*, 453 F.3d at 1159("The due process analysis is identical to the one discussed
above when the forum was California, except here the relevant forum is the entire United States.");

27  *accord World Tanker Carriers Corp.*, 99 F.3d at 723-24.

28       [6] GMReis states in their Surreply that GMRies is not attending the 3rd Annual Orthopaedic
Manufacturing & Technology Exposition and Conference ("OMTEC 2007") a trade show in Rosemont,
Illinois on June 20-21, 2007.

07cv309

1  supplement its jurisdictional allegations and/or bolster its contentions. *Trintec Industries, Inc. v. Pedre*

2  *Promotional Products, Inc*., 395 F.3d 1275, 1283 (Fed. Cir. 2005); *GTE New Media Services Inc. v.*

3  *BellSouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000); *see Crane v. Carr*, 814 F.2d 758, 760 (D.C.

4  Cir. 1987).  Therefore, Synthes Motion to Compel Jurisdictional Discovery is GRANTED IN PART as

5  to Request Nos. 1-18, with the limitations set forth below, and DENIED as to Request No. 19.

6  ### *2. GMReis' Motion for Protective Order to Limit Discovery*

7  Courts should limit discovery to jurisdictional matters while a motion to dismiss for lack of

8  personal jurisdiction is pending. *See Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670,

9  675 (S.D. Cal. 2001) (limiting discovery to the issue of jurisdiction while motion to dismiss for lack of

10  personal jurisdiction is pending, because permitting merits-based discovery would unduly burden

11  defendant)*; see also Cent. States, Se. And Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230

12  F.3d 934, 946 (7th Cir. 2000)("Foreign nationals usually should not be subjected to extensive discovery

13  in order to determine whether personal jurisdiction over them exists.").

14  GMReis argues that Synthes' requests for discovery should be limited to jurisdictional issues,

15  and more specifically contacts with California, and contends that any discovery ordered by the Court

16  should proceed in accordance with Brazilian law.  Alternatively, Synthes argues that since patent

17  infringement is alleged, that the instant action presents a federal question and that the minimum contacts

18  analysis should proceed under Rule 4(k)(2) with reference to the United States as a whole rather than

19  with reference to a particular state.

20  As set forth above, the discovery sought by Synthes in this case is: 1) production of documents

21  responsive to Synthes' documents requests;[7] 2) a Rule 30 (b)(6) deposition of GMReis; 3) a deposition

22  of declarant Geraldo Marins dos Reis Jr.; and 4) a deposition of declarant Jose Luiz Landa Lecumberri.

23  GMReis states in its opposition that should the Court permit discovery in this case prior to ruling on the

24  motion to dismiss, that GMREis would seek a protective order limiting discovery to the issue of

25  jurisdiction. GMReis contends that many of Synthes document requests reach far beyond the jurisdic-

26  tional issues in this case.  Upon review of the document requests propounded by Synthes, the Court

27  agrees with many of GMReis' objections and arguments.  Specifically, Request Nos. 1-18 are overly

28

[7] *See* Plaintiff's Mot. to Compel, Exh. A.

1  broad and should be limited to the time period after issuance of the patent-in-suit, U.S. Patent 7,128,744,

2  which occurred on October 31, 2007, as GMReis activities prior to this date would not constitute

3  infringement.  Additionally, GMReis contends that Request No.19 goes to the merits of this case, which

4  GMReis argues is unduly burdensome prior to a ruling on the pending motion to dismiss.  The Court

5  agrees.  *See* Orchid, 198 F.R.D. at 675 (limiting discovery to the issue of jurisdiction while motion to

6  dismiss for lack of personal jurisdiction is pending is appropriate because permitting merits-based

7  discovery would unduly burden defendant).  However, the Court is not persuaded by GMReis's

8  argument that Request for Production Nos. 11-14 and 16, are overly broad and burdensome, if these

9  requests are limited to documents and activities occurring on or after issuance of the patent on October

10  31, 2007.

11       As such, GMReis' motion for protective order to limit discovery is GRANTED as to Synthes

12  request for production of documents No.19.  With regard to Request Nos. 1-18, GMReis' motion for

13  protective order to limit discovery is GRANTED IN PART, as the Court finds that these requests should

14  be limited to documents and activities occurring on or after issuance of the patent on October 31, 2007.

15                       *3. GMReis' Motion to Stay Discovery*

16       The court has broad discretion to stay discovery in a case while a dispositive motion is

17  pending. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir.1977) ("A court

18  may permit discovery to aid in determining whether it has in personam jurisdiction. In granting

19  discovery, the trial court is vested with broad discretion and will not be reversed except upon the

20  clearest showing that denial of discovery results in actual and substantial prejudice to the complaining

21  litigant." *Id.* at 1285 n. 1 (citation omitted)); *see also Hachette Distribution, Inc. v. Hudson County*

22  *News Co., Inc.*, 136 F.R.D. 356 (E.D.N.Y.1991) ("[T]he federal district courts have discretion to impose

23  a stay of discovery pending the determination of dispositive motions by the issuance of a protective

24  order." *Id.* at 358.)

25       In evaluating whether or not to stay discovery, a case by case analysis is required, since the

26  determination will necessarily be fact specific and will depend upon the particular circumstances and

27  posture of the case at issue. *Id.* As more fully discussed above, since there is a motion to dismiss for lack

28  of personal jurisdiction pending, any discovery which seeks to reach the merits of this case would be

1   unnecessary, costly and burdensome at this time. However, under the particular circumstances present

2   here, a protective order staying all discovery is not warranted.

3          Synthes argues that jurisdictional discovery is needed, because the complaint establishes a

4   threshold showing of personal jurisdiction and the declarations submitted by GMReis admit multiple

5   contacts with the forum jurisdiction, but put at issue the quality, quantity and nature of such contracts.

6   Synthes argues that discovery is need to determine whether the admitted contacts support either general

7   or specific jurisdiction.

8          Alternatively, GMReis argues that the Court should stay discovery since Synthes has failed to

9   demonstrate how discovery would supplement its allegations, thereby rendering the requested discovery

10  unnecessary. The Court cannot agree.  In the instant case, pertinent facts bearing on the question of

11  jurisdiction are in dispute, and as such, discovery should be allowed.  *America West Airlines, Inc. v.*

12  *GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir.1989) (citations omitted). *See also Wells Fargo & Co. v.*

13  *Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir.1977) (finding that "[d]iscovery . . . 'should be granted

14  where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more

15  satisfactory showing of the facts is necessary.' ") *Id.* at 430 n. 24 (citing *Kilpatrick v. Texas & P. Ry.*, 72

16  F.Supp. 635, 638 (S.D.N.Y.1947)); *Data Disc*, 557 F.2d at 1285 n. 1 (same). As such, GMReis' motion

17  to stay discovery is DENIED.

18          ***B.  What Rules Will Govern the Jurisdictional Discovery***

19          GMReis contends that should the Court permit discovery, such discovery should be conducted

20  via letters rogatory and in compliance with Brazilian Legal Procedures, because Brazil does not allow

21  voluntary depositions of its citizens in Brazil by American attorneys for use in American court cases.

22  Only Brazilian judicial authorities may take Brazil-based depositions intended for use in a foreign court.

23  Alternatively, Synthes contends that jurisdictional discovery should proceed under the Federal Rules

24  because: 1) GMReis was personally served; 2) GMReis has submitted itself to the jurisdiction of this

25  Court by making a special appearance to contest personal jurisdiction and GMReis was personally

26

27

28

07cv309

1  served in this jurisdiction; and 2) Brazilian discovery procedures are highly burdensome, expensive and

2  uncertain.[8]

3        While noting Plaintiff's argument that the letters rogatory process in Brazil is a time consuming

4  and arduous process that is full of delays, the process nevertheless exists for obtaining evidence via

5  treaties that are in effect between the United State and Brazil, which would permit Plaintiff and this

6  Court to employ certain procedural mechanisms to obtain relevant documents and testimony in Brazil.

7  Since the treaty indicates that Brazil would honor requests for testimony and documents pursuant to

8  letters rogatory, Synthes would be afforded access to relevant documents even if that procedure may not

9  be as efficient as discovery methods employed the United States under the Federal Rules.  Thus, this is

10  not a situation where the plaintiff would be deprived of all access to testimony and documents in

11  discovery were to proceed under Brazilian Law.  Synthes is more likely than not aware of these

12  procedures, since Synthes has a business presence in Brazil,[9] owns numerous Brazilian patents and

13  patent applications, and Synthes and GMReis are currently involved in an intellectual property dispute

14  before an administrative law judge in Brazil.

15        As such, and in the absence of any authority to the contrary, this Court concludes that principles

16  of comity and the relevant treaty provisions require Synthes to comply with Brazilian law in order to

17  obtain discovery from GMReis.

18  ///

19  ///

20  ///

21  

22      [8] Brazil is not a party to the Hague Convention, but both the United States and Brazil are parties to the Inter-American Convention on Letters Rogatory ("the Convention") and also the Additional Protocol to the Convention ("Protocol"), however the United States is not a party to the obtaining evidence provisions of this treaty.  The State Department notes on its website that service of process in Brazil pursuant to the Inter-American Convention on Letters Rogatory and Additional Protocol is problematic and requests can take upwards of three years to complete.  However, the State Department instructs civil litigants that they must proceed via letters rogatory as "evidence from an unwilling witness in civil or commercial matters must be taken before a Brazilian court pursuant to a letter rogatory."

26      Additionally, according to the United States Department of Justice, since May of 2003, of the 100 requests for service under the Inter-American Convention on Letters Rogatory and Additional Protocol served, only 2 from the United States have been successfully executed in Brazil.

28      [9] Synthes maintain a headquarters in Brazil as well as four sales offices located throughout Brazil.

1

### *Conclusion*

2      For the reasons set forth herein, Synthes' Motion to Compel is hereby GRANTED IN PART and

3    DENIED IN PART, GMReis' Motion for Protective Order is GRANTED IN PART and DENIED IN

4    PART, and GMReis' Motion to Stay Discovery is DENIED.

5         IT IS SO ORDERED.

6    DATED:  August 2, 2007

7                                                  _____

                                                    Hon. Anthony J. Battaglia
8                                                   U.S. Magistrate Judge
                                                    United States District Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28