UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNTHES (U.S.A.), a Pennsylvania partnership, <br><br> Plaintiff, <br><br> v. <br><br> G.M. DOS REIS JR. IND. COM. DE EQUIP. MEDICO A/K/A GMREIS, a Brazilian corporation, <br><br> Defendants. | Civil No. 07-CV-309-L(AJB) <br><br> **ORDER DENYING WITHOUT PREJUDICE EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL** |

On February 19, 2008, Plaintiff filed Synthes' Ex Parte Application to File Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction Under Seal. The sole reason given for sealing portions of Plaintiff's opposition memorandum and deposition transcript in support thereof is that the portion of the deposition transcript was designated as "Confidential -- Attorneys' Eyes Only" by Defendants pursuant to a Stipulated Protective Order. The court's docket, however, does not reflect any protective order providing for confidentiality of any documents or information. Even if such a protective order had been filed, it would not suffice.

The party seeking to seal a document must at the very least meet the good cause standard set forth in Federal Rule of Civil Procedure 26(c). *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Even if the information is subject to a typical discovery protective

order, such orders are usually prospective in nature and are necessarily overinclusive.  *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Accordingly, the magistrate judge does not have the occasion to engage in the Rule 26(c) good cause analysis prior to signing the order.  This is not uncommon.  "[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document."  *Foltz*, 331 F.3d at 1133.  Because the parties do not make the requisite showing when the protective order is entered, they must do so when they seek to comply with the protective order by requesting the court to file documents under seal.

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following: . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be reveled only in a specified way . . . ."  Fed. R. Civ. P. 26(c)(1).  "Any such order . . . requires that the court's determination identify and discuss the factors it considered in its good cause examination . . . ."  *Foltz*, 331 F.3d at 1130 (internal quotation marks and citation omitted).  "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."  *Id.*  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman*, 966 F.2d at 476.

For the foregoing reasons, the Ex Parte Application is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED:  February 20, 2008

                                        M. James Lorenz
                                      United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL