1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10
11   SYNTHES (U.S.A.), a Pennsylvania      )   Civil No. 07-CV-309-L(AJB)
     partnership,                          )
12                                         )   **ORDER (1) GRANTING**
                         Plaintiff,        )   **PLAINTIFF'S EX PARTE**
13                                         )   **APPLICATION TO FILE**
     v.                                    )   **DECLARATION OF I.V. HALL; (2)**
14                                         )   **GRANTING DEFENDANT'S**
     G.M. DOS REIS JR. IND. COM. DE        )   **MOTION TO DISMISS; AND (3)**
15   EQUIP. MEDICO A/K/A GMREIS, a         )   **DISMISSING ACTION WITHOUT**
     Brazilian corporation,                )   **PREJUDICE FOR LACK OF**
16                                         )   **PERSONAL JURISDICTION**
                         Defendant.        )
17   _____)
18          In this patent infringement action, Defendant G.M. dos Reis Jr. Ind. Com. de Equip.

19   Mexico a/k/a GMReis ("GMReis"), a Brazilian corporation, brought a motion to dismiss for lack

20   of personal jurisdiction.  Plaintiff Synthes (U.S.A.) ("Synthes") opposed the motion.[1]  After the

21   close of briefing, Synthes filed an ex parte application for leave to file declaration of I.V. Hall in

22   opposition to GMReis motion to dismiss.  For good cause having been shown, Synthes' ex parte

23   application is **GRANTED.**  In deciding GMReis' motion to dismiss, the court considered Mr.

24   Hall's declaration, attached as Exhibit A to Synthes' ex parte application.  For the reasons which

25

26          [1]      In its papers, Synthes cited to the deposition testimony of Marin dos Reis, Jr.,
     GMReis CEO, and filed an excerpt of the transcript.  However, the deposition excerpt filed by
27   Synthes, even when read together with the excerpt filed by GMReis in its reply papers, did not
     include all the pages referenced in the points and authorities.  The court considered only the facts
28   supported by the deposition excerpts.

                                                                                          07cv309

follow, GMReis's motion to dismiss is **GRANTED**.  The case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

Synthes is a global medical device company which designs, manufactures and markets skeletal fixation devices.  Synthes is the assignee of United States Patent No. 7,127,744 (the "'744 Patent").  GMReis is a Brazilian company headquartered in Brazil.  It designs, manufactures and sells orthopedic and neurosurgical medical devices.  Synthes alleges GMReis is subject to personal jurisdiction in this court because it imported into the United States and/or offered to sell locking bone plates which infringe the '744 Patent.  Specifically, Synthes alleges that GMReis displayed the locking plates at the 2007 American Association of Orthopaedic Surgeons ("AAOS") Annual Meeting in San Diego, California for the purpose of generating interest in infringing products to the commercial detriment of the rightful patentee.

The court granted Synthes' motion to compel jurisdictional discovery.  In discovery, Synthes learned that GMReis attended several trade shows in the United States since 2003.  It exhibited every year for the last five years at the AAOS annual meeting, and exhibited again at the beginning of March 2008.  It exhibited at least once and possibly more often at the North American Spine Society conference, once at the World Spine, and once at the Brazilian North American Spine Meeting in New York.  In addition, GMReis CEO Geraldo Marin dos Reis, Jr., made a presentation at the In Spine and Orthopedics conference.  GMReis has made one sale of its products in the United States to a veterinary supply company, which did not result in repeat business.  GMReis has purchased parts from two suppliers in the past and currently purchases a product from one supplier in the United States.  GMReis resells in Brazil one product it purchases in the United States.  GMReis has purchased one machine in the United States, which is used in its manufacturing process in Brazil.  In addition, GMReis representatives have met and consulted with two companies in the United States to explore potential suppliers and product development.  Synthes does not contend that the sale for veterinary application in the United States, any of the parts, products or the machine purchased in the United States or exploratory contacts in the United States involved the alleged infringing product.

/ / / / /

GMReis contends it has no offices, employees, distributors or assets in the United States. All of its manufacturing is in Brazil. It sells the products it manufactures and also resells some products purchased elsewhere. The resale part of the business is limited to customers in Brazil. Only one to two percent of GMReis income is derived from sales abroad. The remaining 98 to 99 percent is derived from sales in Brazil. GMReis sales abroad are made in Latin America, Europe and Middle East. GMReis attends trade shows and conferences in those regions. With the exception of a one-time sale to a veterinary supplier, GMReis does not ship to or sell its products in the United States because they are not approved by the Food and Drug Administration ("FDA"). GMReis has not applied for FDA approval. The GMReis booth and its product literature at trade shows in the United States state that the products are not FDA approved and are not for sale in the United States. GMReis exhibits at trade shows in the United States to generate interest in the products among surgeons, medical device distributors and other medical professionals from outside the Untied States, who often attend conferences and trade shows in the United States. No United States residents provided contact information at GMReis' booth at the 2007 AAOS annual meeting to obtain information about its products. Two inquiries from United States after the 2007 AAOS annual meeting came to GMReis website. The inquiries were whether certain products will be available in the United States in the future or will participate in clinical trials for approval in the United States. GMReis responded that its products are not FDA approved, not available in the United States market, and will not be launched in the United States. There were no further communications with these two parties. Synthes does not contend that the products involved were the allegedly infringing products. No product sales were made as a result of GMReis' attendance of the 2007 AAOS annual meeting.

Synthes argues this court has personal jurisdiction based on GMReis' contacts with California, or in the alternative, based on GMReis' contacts with the United States pursuant to Federal Rules of Civil Procedure 4(k)(2).

The regional circuit law typically applies to "procedural matters that are not unique to patent law." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). However, "where the personal jurisdiction inquiry is intimately involved with the

07cv309

substance of the patent laws," Federal Circuit law applies. *Elec. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003); *see also Beverly Hills Fan*, 21 F.3d at 1564.

The plaintiff has the burden to show personal jurisdiction.

> [W]here the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a prima facie showing that defendants are subject to personal jurisdiction. In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor.

*Elec. for Imaging*, 340 F.3d at 1349 (internal citations omitted).

"There are two kinds of personal jurisdiction - specific and general. Specific jurisdiction arises out of or relates to the cause of action even if those contacts are isolated and sporadic. General jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005) (internal quotation marks and citations omitted).

Rule 4(k)(2) provides in pertinent part:

> Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

The parties cite to no Federal Circuit case law applying Rule 4(k)(2) and the court has not found any. Furthermore, Rule 4(k)(2) does not involve procedural issues unique to patent law and is not intimately involved with the substance of the patent laws. The court therefore looks to Ninth Circuit case law for application of this rule.

Rule 4(k)(2) applies to general and specific jurisdiction. *See Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (internal citations omitted), citing *Consol. Dev. Corp. v. Sheritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) (discussing both general and specific jurisdiction under Rule 4(k)(2)).

Rule 4(k)(2) is not limited to the contours of a state longarm statute. Instead, a court may exercise jurisdiction when three requirements are met. First, the claim

07cv309

against the defendant must arise under federal law . . . . Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process.

*Holland Am. Line*, 485 F.3d at 461 (internal citations omitted).

As to the first requirement, it is undisputed that Synthes' patent claim arises under federal law. As to the second requirement,

If . . . the defendant contends that he cannot be sued in the forum state and refuses to identify any other [state] where suit is possible, then the federal court is entitled to use Rule 4(k)(2). This procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit.

*Id.*, quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001). GMReis strenuously argues it is not subject to personal jurisdiction in California, and asserts that no forum in the United States would be appropriate. (Def.'s Mem. of P.&A. at 13 n.8.) Accordingly, the second requirement does not preclude the use of Rule 4(k)(2).

As to the third requirement, "[t]he due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendant] and the forum state, we consider contacts with the nation as a whole." *Holland Am. Line*, 485 F.3d at 462 (citations omitted).

To be subject to general jurisdiction, a defendant's contacts with the forum must be "continuous and systematic." *Helicopteros Nacionles de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *LSI Indus. Inc. v Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). "Neither the United States Supreme Court nor this court has outlined a specific test to follow when analyzing whether a defendant's activities within the state are 'continuous and systematic.'" *LSI Indus.*, 232 F.3d at 1375.

The totality of Synthes' general jurisdiction argument is, "Notwithstanding the failure of GMReis to provide adequate discovery regarding its business activities in the United States, the evidence uncovered to date demonstrates the 'continuous and systematic' contacts that justify the

/ / / / /

07cv309

1  / / / / /

2  exercise of general jurisdiction."[2]  (Opp'n at 14.)  GMReis' contacts with the United States are

3  no more continuous and systematic than the contacts found to be insufficient in *Helicopteros*

4  *Nacionles de Colombia, S.A. v. Hall*.  The court therefore finds that GMReis is not subject to

5  general jurisdiction in the United States.

6       The court next considers whether GMReis' contacts subject it to specific jurisdiction.

7       To determine whether jurisdiction over an out-of-state defendant comports with
8  due process, we look to whether (1) the defendant purposefully directed its
   activities at residents of the forum state, (2) the claim arises out of or relates to the
   defendant's activities with the forum state, and (3) assertion of personal jurisdiction
9  is reasonable and fair.  The first two factors correspond to the "minimum contacts"
   prong of the . . . analysis [under *Int'l Shoe v. Washington*, 326 U.S. 310 (1945)],
10  and the third factor with the "fair play and substantial justice" prong.  While the
   plaintiff bears the burden to establish minimum contacts, upon this showing,
11  defendants must prove that the exercise of jurisdiction is unreasonable.

12

13  *Elec. for Imaging*, 340 F.3d at 1350.  For purposes of specific jurisdiction in a patent

14  infringement case, the court may consider defendant's contacts with the forum before the grant

15  of the patent.[3]  *See Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir.

   1997).

16       It is undisputed that GMReis displayed its products at several trade shows in the United

17  States over several years.  Synthes does not dispute that GMReis did not have FDA approval for

18  sale or use of its products in the United States, that its trade show displays and brochures

19  prominently disclosed that fact or that its intent was to attract interest from potential foreign

20  purchasers and not purchasers from the United States.  Synthes relies heavily on *3D Systems Inc.*

21  *v. Aerotech Labs., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998), to support its argument the GMReis is

22  subject to specific jurisdiction.  *3D Systems* is not analogous, however.  In *3D Systems* the

23  defendant, among other contacts, sent offers to sell to and solicited orders of the allegedly

24

25       [2]    This argument is followed by the statement, "But, in this patent infringement
26  action, the issue whether general jurisdiction exists is irrelevant."  (Opp'n at 14.)  It is unclear
   whether Synthes intended to assert a general jurisdiction argument at all.

27

        [3]    To the extent the court's order filed January 8, 2008 is inconsistent with this
28  authority, it is hereby amended.

07cv309

infringing product from the forum residents.  160 F.3d at 1378.  The court therefore found that its actions were purposefully directed at the forum state residents.  *Id*.  This is not the case here, where GMReis expressly discouraged the forum residents from purchasing its products.  Based on the foregoing, the court cannot find that GMReis' trade show activity demonstrates that GMReis purposefully directed its activities at United States residents.

On the other hand, GMReis had other contacts with the United States.  It purchased certain parts and products, it made a sale to one customer for a veterinary application, and it explored supplier and product development options in the United States.  In contrast with trade shows, these additional activities appear to have been purposefully directed at United States residents.  GMReis' contacts with the United States therefore meet the first element of the minimum contacts analysis.

As to the second element, Synthes must show that its patent infringement claim arises out of or relates GMReis' activities in the United States.  In support of its argument that Synthes' patent infringement claim does not arise out of and is not related to its activities in the United States, GMReis argues that its activities in the United States were insufficient for patent infringement under 35 U.S.C. § 271(a) by offering to sell or importing an infringing device.  The court need not address this issue.  "It is jurisdiction that is at issue, not liability for patent infringement."  *Genetic Implant Sys.*, 123 F.3d at 1458.

> Although the nexus necessary to satisfy the "arise out of or related to" requirement of the due process inquiry has not been clearly delineated by the Supreme Court, . . . it is significant that the constitutional catch-phrase is disjunctive in nature, indicating an added flexibility and signaling a relaxation of the applicable standard from a pure "arise out of" standard.

*Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001).  The "arise out of or related to" requirement is not as stringent as to require a plaintiff to show liability or that plaintiff's allegations be sufficient to state a claim.  *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1351 at 269 (3d ed. 2004).  Because GMReis' trade show activity was not directed at the United States residents, the trade show contacts do not support jurisdiction.  GMReis' other contacts with the United States, however, are unrelated to Synthes' patent infringement claim, which is entirely based on GMReis' alleged display of certain

07cv309

1    infringing locking bone plates at the 2007 AAOS annual meeting.

2         For the foregoing reasons, Synthes has not met its burden to make a prima facie showing

3    that GMReis' minimum contacts with the United States were sufficient to establish specific

4    personal jurisdiction.  The court therefore need not consider whether the assertion of personal

5    jurisdiction in the United States would be reasonable and fair or whether GMReis' contacts with

6    the State of California would be sufficient for specific jurisdiction.

7         In a footnote, Synthes argues that personal jurisdiction could be based on personal service

8    in the forum.  While Mr. Reis was attending the AAOS trade show in February 2007, Synthes

9    served him with the summons and the complaint.

10        Synthes relies on the proposition that a non-resident's transitory physical presence in the

11   forum is one of the traditional bases of personal jurisdiction:

12            Among the most firmly established principles of personal jurisdiction in American
             tradition is that the courts of a State have jurisdiction over nonresidents who are
13           physically present in the State.  The view developed early that each State had the
             power to hale before its courts any individual who could be found within its
14           borders, and that once having acquired jurisdiction over such a person by properly
             serving him with process, the State could retain jurisdiction to enter judgment
15           against him, no matter how fleeting his visit.

16   *Burnham v. Super. Ct. (Burnham)*, 495 U.S. 604, 610-11 (1990) (Scalia, J., plurality opinion).

17   However, in *Burnham* this principle was applied only to an individual in his individual capacity.

18   It has not been applied to corporations.  Although *Perkins v. Benguet Consolidated Mining*

19   *Company* alludes to it in the context of a corporation, 342 U.S. 437, 444-45 (1952), its holding

20   that due process did not preclude the exercise of personal jurisdiction was based on  the analysis

21   of the corporation's contacts with the forum, *see id.* at 447-48.  The reasoning of *Burnham* is

22   consistent.  It noted that "corporations . . . have never fitted comfortably in a jurisdictional

23   regime based primarily upon 'de facto power over the defendant's person.'"  *Burnham*, 495 U.S.

24   610 n.1, quoting *Int'l Shoe*, 326 U.S. at 316.

25        Synthes' argument is also based on *Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F. Supp.

26   2d 713 (E.D. La. 2003).  For the relevant proposition, *Ouyela* relies on *Northern Light*

27   *Technology, Inc. v. Northern Lights Club*, 236 F.3d 57 (1st Cir. 2001).  *Northern Light* held that

28   personal service on an individual defendant in the forum state was sufficient to confer personal

07cv309

1   jurisdiction over that defendant. *Id*. at 63-64. The personally served defendant was sued in his

2   individual capacity but was also an officer of the remaining two defendants who were business

3   entities. *Id*. at 63 n.10. Without discussing the issue or citing any legal authority, the court

4   expressed its belief that personal service on the individual also conferred personal jurisdiction on

5   the entity defendants. *Id*. Defendants had not briefed and had waived this issue. *Id*. at 64.

6   *Northern Light* is therefore not persuasive on the point that personal service in the forum on a

7   corporate officer confers personal jurisdiction over the corporation. Furthermore, *Oyuela* is not

8   binding and, based on the foregoing, not persuasive. *See also Wenche Siemer v. Learjet*

9   *Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992) ("*Burnham* did not involve a corporation

10  and did not decide any jurisdictional issue pertaining to corporations.") The court therefore

11  finds that Synthes cannot base personal jurisdiction over GMReis solely on personal service of

12  its CEO in the United States.

13        Last, Synthes argues the court should assert personal jurisdiction over GMReis as a

14  sanction for failure to comply with its jurisdictional discovery requests as ordered in the January

15  8, 2008 order. Sanctioning a party pursuant to Rule 37(b)(2) for failure to comply with

16  jurisdictional discovery orders by presuming it is subject to personal jurisdiction does not in

17  itself violate due process. *Ins. Corp. of Ireland, Ltd. v. Compagnie de Bauxites de Guinea*, 456

18  U.S. 694 (1982). Because the court finds that the sanction would be unjust under the

19  circumstances of this case, the court declines to sanction GMReis by finding it subject to

20  personal jurisdiction.

21        Synthes contends that GMReis failed to produce several categories of documents

22  pertaining to trade shows and communications with persons in the United States about the

23  purchase or sale of products or components to or by GMReis. (Opp'n at 5-6.) In addition,

24  Synthes was unable to depose Jose Luiz Landa Lecumberri.

25        Synthes deposed Mr. Reis in his personal capacity and on behalf of GMReis pursuant to

26  Rule 30(b)(6). He testified that his staff and Mr. Lecumberri made a search for the documents

27  requested and produced all the responsive documents GMReis had. (*See* Reis Dep. at 40 *et seq*.)

28  To the extent documents were not produced, Mr. Reis testified on the subject matter of the

07cv309

1 | / / / / /

2 | document requests.  The court therefore cannot find that GMReis violated the January 8, 2008

3 | order.

4 | On January 8, 2008, the court ordered that Messrs. Reis and Lecumberri's depositions be

5 | taken in the United States under Federal Rules of Civil Procedure, rather than in Brazil under

6 | discovery laws of Brazil.  The court also informed the parties that due to their four prior joint

7 | motions to continue the briefing schedules and hearing dates on GMReis' motion to dismiss, it

8 | would not entertain any further requests for continuances related to this motion.

9 | Pursuant to GMReis' offer, Synthes noticed the depositions for February 11, 2008.  On

10 | February 10, GMReis informed Synthes counsel that Mr. Lecumberri's wife had been

11 | hospitalized with Dengue fever.  Mr. Lecumberri therefore could not travel to the United States

12 | for deposition, but could be made available upon his wife's recovery.  On February 11, Mr. Reis

13 | was deposed.  On February 19, Synthes filed its opposition papers without the benefit of Mr.

14 | Lecumberri's deposition.  From March 5 to 8, GMReis exhibited at the AAOS annual meeting in

15 | San Francisco, California, with Mr. Lecumberri in attendance.  GMReis' counsel explains that

16 | due to a miscommunication with his client, Mr. Lecumberri was not offered for deposition at that

17 | time.  At some time prior to Synthes' ex parte application to file declaration of I.V. Hall, the

18 | counsel met and conferred regarding the declaration, but did not discuss resolving the issue of

19 | Mr. Lecumberri's deposition.

20 | The cooperation and communication between counsel in this case leaves much to be

21 | desired.  GMReis was aware of Synthes' request to depose Mr. Lecumberri, but apparently did

22 | not adequately follow through with him to provide Synthes with available dates.  On the other

23 | hand, it appears that Synthes did not follow through after February 11 in an attempt to

24 | reschedule Mr. Lecumberri's deposition, but silently waited for a call from GMReis.  In

25 | addition, Synthes did not contact the Magistrate Judge for resolution of this discovery issue, *see*

26 | Civ. Loc. R. 72.1(b) & 26.1(e), and did not meet and confer with GMReis in an attempt to

27 | resolve it as required by Civil Local Rule 26.1(a) prior to filing any Rule 37 motions.  Moreover,

28 | after the close of briefing , Synthes sought leave to file Mr. Hall's declaration to further support

07cv309

its opposition to GMReis' motion to dismiss.  It did not seek leave to do the same with any information it may have obtained from Mr. Lecumberri's belated deposition.  Synthes' predicament is therefore at least in part caused by its own conduct.  Imposing sanctions on GMReis would therefore be unjust.

Furthermore, not deposing Mr. Lecumberri does not prejudice Synthes.  Synthes intended to depose Mr. Lecumberri about communications with customers and potential customers before, during and after trade shows, including communications about pricing.  (*Id*. at 6-7.)  Because GMReis' trade show activities were not directed to United States residents, Mr. Lecumberri's deposition would not change the court's findings regarding personal jurisdiction.

For the foregoing reasons, Synthes' ex parte application to file declaration of I.V. Hall is **GRANTED**.  GMReis' motion to dismiss is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.


**IT IS SO ORDERED.**


DATED:  March 21, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

07cv309