1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11  SYNTHES (U.S.A.), a Pennsylvania          )    Civil No. 07-CV-309-L(AJB)
    partnership,                              )
12                                            )    **ORDER GRANTING**
                           Plaintiff,         )    **DEFENDANT'S MOTION TO STAY**
13                                            )    **ACTION PENDING PATENT**
    v.                                        )    **REEXAMINATION**
14                                            )
    G.M. DOS REIS JR. IND. COM. DE            )
15  EQUIP. MEDICO A/K/A GMREIS, a             )
    Brazilian corporation,                    )
16                                            )
                           Defendant.         )
17  _____  )

18          In this patent infringement action, Defendant G.M. dos Reis Jr. Ind. Com. de Equip.

19  Mexico a/k/a GMReis ("GMReis") filed a motion to stay pending inter partes reexamination by

20  the United States Patent and Trademark Office ("PTO").  Plaintiff Synthes (U.S.A.) ("Synthes")

21  opposed the motion.  For the reasons which follow, GMReis' motion to stay is **GRANTED**.

22          Synthes is a global medical device company which develops, produces, and markets

23  instruments and implants, including bone plates, for the surgical fixation, correction, and

24  regeneration of the human skeleton.  Synthes is the assignee of United States Patent No.

25  7,128,744 ("Patent"), which relates to locking bone plates used to surgically secure fractured

26  bones.  GMReis is a Brazilian corporation which designs, manufactures, and markets orthopedic

27  and neurological medical devices, including bone plates.

28  / / / / /

                                                                              07cv309

Synthes filed a complaint in this court alleging GMReis is infringing the Patent.  GMReis filed a counterclaim requesting declaratory judgment of non-infringement, invalidity and unenforceability.  Synthes filed a separate, unrelated action in the Eastern District of Pennsylvania, case no. 03-0084 ("Pennsylvania Action"), against Smith & Nephew, Inc. ("Smith & Nephew").  Smith & Nephew requested, and was granted, an inter partes reexamination of the Patent, which is at issue in the Pennsylvania Action as well as in this action.  Smith & Nephew questions the validity of each claim of the Patent based on prior art which was not disclosed to the PTO during the Patent application and examination process.  The reexamination proceeding is currently pending before the PTO and the Pennsylvania Action was stayed pending its conclusion.

Because the reexamination proceeding commenced by Smith & Nephew involves the Patent which is at issue in this case, GMReis moves to stay this case pending the conclusion of the reexamination.  Synthes opposes the stay arguing that the reexamination will not simplify the issues in dispute in this case and that it will be unduly prejudiced by the delay.

"Congress intended the reexamination process to provide an efficient and relatively inexpensive procedure for reviewing the validity of patents which would employ the PTO's expertise."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).  "Any third-party requester at any time may file a request for inter partes reexamination by the Office of a patent on the basis of any prior art . . . ."  35 U.S.C. § 311(a).  The focus of the reexamination is essentially the same as in the initial patent examination, "at which a preponderance of the evidence must show nonpatentability before the PTO may reject the claims of a patent application.  The intent underlying reexamination is to 'start over' in the PTO with respect to the limited examination areas involved, and to *re*-examine the claims . . . as they would have been considered if they had been originally examined in light of all the prior art of record in the reexamination proceeding."  *Ethicon*, 849 F.2d at 1427 (internal quotation marks and citations omitted, emphasis in original).  At the conclusion of the reexamination, the PTO publishes "a certificate canceling any claim of the patent finally determined to be unpatentable, confirming

/ / / / /

1    any claim of the patent determined to be patentable, and incorporating in the patent any proposed

2    amended or new claim determined to be patentable."  35 U.S.C. § 316(a).

3         "[L]itigation and reexamination are distinct proceedings, with distinct parties, purposes,

4    procedures and outcomes."  *Ethicon*, 849 F.2d at 1427 (emphasis omitted).  Accordingly, "[t]he

5    court is not required to stay judicial resolution in view of the reexamination[]."  *Viskase Corp. v.*

6    *Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).  The stay provision for inter partes

7    reexaminations does not expressly provide for an automatic stay of parallel district court

8    proceedings.  35 U.S.C. § 318.  However, "the statute in no way impacts the inherent powers of

9    the court to control the litigation before it, and to grant a stay in the interests of justice when so

10   required."  *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir.

11   2008) (quoting with approval the district court finding).  "Courts have inherent power to manage

12   their dockets and stay proceedings, including the authority to order a stay pending conclusion of

13   a PTO reexamination."  *Ethicon*, 849 F.2d at 1426-27 (internal citations omitted).  "When

14   considering whether to stay patent infringement litigation pending a reexamination of the patent

15   in suit, courts generally examine three factors, including (1) whether a stay would unduly

16   prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay

17   will simplify the issues in question and trial of the case; and (3) whether discovery is complete

18   and whether a trial date has been set."  *Equipements de Transformation IMAC v. Anheuser-*

19   *Busch Co., Inc.*, 559 F. Supp. 2d 809, 815 (E.D. Mich. 2008) (internal quotation marks and

20   citations omitted), modified on other grounds, 2008 WL 3852240 (E.D. Mich. 2008).

21        "[A] stay should ordinarily not be granted unless there is a substantial patentability issue

22   raised in the inter partes reexamination proceeding."  *Procter & Gamble*, 549 F.3d at 849.  In

23   this case, Smith & Nephew challenged the validity of each of the 55 claims of the Patent.  By

24   granting the request for inter partes reexamination, the PTO necessarily found that "a substantial

25   new question of patentability" was raised by the request.  *See* 35 U.S.C. § 312(a) (*see also* Decl.

26   of Matthew S. Jorgenson filed Aug. 17, 2009, Ex. A (Decision on Request for Inter Partes

27   Reexamination) at 2).  Moreover, in the November 5, 2009 Office Action in Inter Partes

28   Reexamination, the PTO rejected each of the 55 claims.  (Notice of New Evidence, filed Nov. 6,

07cv309

1   2009, Ex. A ("Office Action") at 4.)  Although the Office Action does not constitute a final

2   determination regarding Patent validity, *see* 35 U.S.C. §§ 314 & 315, it demonstrates that the

3   reexamination raises substantial patentability issues.

4        A stay is appropriate when "the outcome of the reexamination would be likely to assist

5   the court in determining patent validity and, if the claims are canceled in the reexamination,

6   would eliminate the need to try the infringement issue."  *Slip Track Sys., Inc. v. Metal Life, Inc.*,

7   159 F.3d 1337, 1341 (Fed. Cir. 1998).  A PTO reexamination can provide a "simplification of

8   litigation that might result from the cancellation, clarification or limitation of claims, and, even if

9   the reexamination did not lead to claim amendment or cancellation, it could still provide

10  valuable analysis to the district court, which it could consider in reaching its determination."

11  *Ethicon*, 849 F.2d at 1428 (internal citations omitted).

12       In the present case, the reexamination addresses the validity of all 55 claims of the only

13  patent at issue.  Furthermore, GMReis' counterclaim relies on some of the same prior art which

14  is the subject of the reexamination.  (*Cf.* GMReis' Corrected Answer and Counterclaims to

15  Synthes' Complaint at 6 & Office Action at 3-4 (both referencing Synthes 1997 Catalog and

16  Update, Titanium LC-DCP Condylar Buttress Plate).)  To proceed with the case during

17  reexamination would needlessly duplicate the effort of the PTO and forego the benefit of its

18  expertise and analysis.  "One purpose of the reexamination procedure is to eliminate trial of [the

19  patent validity] issue (when the claim is cancelled) or to facilitate trial of that issue by providing

20  the district court with the expert view of the PTO (when a claim survives the reexamination

21  proceeding)."  *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

22       Synthes argues that the reexamination will not simplify the issue of infringement.  It

23  considers central to this case the issue whether GMReis infringed the Patent under 35 U.S.C.

24  Section 271(a) by "using," "offering to sell" and/or "importing," when it brought its device from

25  Brazil into the Untied States and displayed it at an international trade show.[1]  (*See* Opp'n at 1, 8-

26  
27       [1]    GMReis does not ship to or sell its products in the United States because they are
    not approved by the Food and Drug Administration.  Synthes acknowledges that GMReis'
28  "conduct falls short of the traditional making and selling of infringing products in the U.S."
    (Opp'n at 1.)

07cv309

9.)  Synthes argues that this legal issue is not yet well established in the law, and that resolving it would likely end the case by leading to settlement.  In this regard, Synthes maintains that the validity issues pending in the reexamination proceeding will do nothing to simplify or resolve this legal issue.  The court disagrees.  If the PTO cancels the relevant Patent claims, the issue whether the Patent was infringed will be moot.  Synthes concedes as much.  (Opp'n at 9.)  A stay is appropriate if cancellation of patent claims in the reexamination proceeding would eliminate the need to try the infringement issue.  *Slip Track Sys.*, 159 F.3d at 1341.  Moreover, as Synthes concedes, any such claim cancellation would also negate the need to litigate the counterclaims.  (Opp'n at 10.)  If the PTO reaffirms the Patent, the court will have the benefit of the PTO's analysis of the same prior art GMReis is relying on to challenge the Patent's validity.

Synthes next contends that a determination that the Patent is valid in whole or in part would not necessarily foreclose GMReis' further challenges to its validity or enforceability in this litigation.  The court is mindful that a final determination after reexamination that any or all of the Patent claims are valid would not estop anyone except Smith & Nephew from raising the same validity challenges in court.  *See* 35 U.S.C. § 315(c).  It could therefore potentially be possible for GMReis to continue to litigate validity issues even if Smith & Nephew's efforts to invalidate the Patent in reexamination are ultimately unsuccessful.  Regardless of the outcome of the reexamination, however, the court will have the benefit of the PTO's expertise, analysis of the Patent claims, and evaluation of the relevant prior art.  *See Ethicon*, 849 F.2d at 1428; *see also Slip Track Sys.,* 159 F.3d at 1341; *Gould*, 705 F.2d at 1342.  Accordingly, Synthes' arguments that the reexamination will not simplify the issues in this case are rejected.

The stay also is not precluded by the stage of the litigation.  Although this case was filed in February 2007, the only discovery and briefing, including briefing on appeal, has been with respect to the personal jurisdiction issue.  Discovery, *Markman* hearing and trial dates have not yet been set.  The early stage of this litigation weighs in favor of granting a stay.

Synthes complains that the motion to stay is just the latest form of GMReis' dilatory conduct in this case.  The court disagrees.  Although much time has been consumed in this case with jurisdictional discovery and personal jurisdiction briefing, this is understandable given that

07cv309

1   this is international litigation.  The court does not see the conduct of either party in this case so

2   far as dilatory.

3          Synthes further argues that it will be unduly prejudiced by the stay because damages are

4   not an adequate remedy in this case.  This argument is based on the premise that Synthes and

5   GMReis are "direct competitors" and that GMReis' continued display of its products at trade

6   shows in the United States is causing Synthes "marketplace damage."  This argument is rejected

7   because Synthes does not offer any evidence to support it.  (*See* Opp'n at 12-14.)  Furthermore,

8   it appears to be contradicted by the admission that GMReis' "conduct falls short of the

9   traditional making and selling of infringing products in the U.S." (*Id*. at 1.)

10         Synthes next maintains that there is risk that key evidence will be lost during the stay.  It

11  argues that it may not be able to secure the testimony of certain GMReis' employees, who may

12  not be reachable if they leave GMReis, and that documentary evidence may be lost.  (Opp'n at

13  11-12.)  Synthes' argument that it would not be able to take discovery from former GMReis

14  employees is not supported by any citation to legal authority or evidence, and is therefore

15  rejected.  (*See id*.)  Furthermore, the argument is undercut by the admission that "a relatively

16  small amount" of discovery is outstanding.  (Opp'n at 17.)

17         Last, Synthes argues that it will be unduly prejudiced because this case "has never been

18  about the recovery of money damages" but about injunctive relief.  (Opp'n at 13.)  It contends

19  that the stay will unduly delay such relief.  This argument implies that Synthes requires a speedy

20  injunctive remedy; however, it rings hollow because in the three years since it had filed this case,

21  Synthes has not requested a preliminary injunction.  Regardless, its right to injunctive relief,

22  whether preliminary or permanent, depends on the merits of the infringement claim.  As

23  discussed above, this issue could be mooted if the Patent claims are cancelled in reexamination.

24  Although an inter partes reexamination proceeding can be lengthy, *see, e.g., Fresenuius USA,*

25  *Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305-06 (Fed. Cir. 2009) (Newman, J., concurring),

26  they, including any appeals to the Board of Patent Appeals and Interferences, are conducted

27  "with special dispatch" within the PTO.  35 U.S.C. § 314(c).  Even if GMReis had not moved

28  for a stay, before ordering any injunctive relief to Synthes, the court would have to address

07cv309

1  GMReis' invalidity and unenforceability claims, which would result in some delay.  As

2  discussed above, the delay would be caused by the court having to consider many of the same

3  issues as the PTO in reexamination.

4      Based on the foregoing, GMReis' motion to stay is **GRANTED**.  It is hereby

5  **ORDERED** as follows:

6      1.  All proceedings in this action are **STAYED** until ordered otherwise.

7      2.  This case is **TEMPORARILY CLOSED**.  Either party may file an ex parte

8  application to reopen the case.  Any such application shall be filed no later than ten (10) calendar

9  days after the reexamination certificate is issued as provided in 35 U.S.C. Section 316(a) and

10 must include a copy of the certificate.

11     3.  During the stay each party shall preserve any and all records and other evidence which

12 may be relevant to this case.

13

14     **IT IS SO ORDERED.**

15

16 DATED:  February 22, 2010

17     _____

18     M. James Lorenz
        United States District Court Judge

19 COPY TO:

20 HON. ANTHONY J. BATTAGLIA
   UNITED STATES MAGISTRATE JUDGE

21 ALL PARTIES/COUNSEL

22

23

24

25

26

27

28

7

07cv309